# EXHIBIT C



CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

ALEXANDER J. HOLTZMAN
Deputy City Attorney

Direct Dial: (415) 554-3999
Email:      alexander.holtzman@sfcityatty.org

January 9, 2024

**VIA FIRST CLASS MAIL AND EMAIL**

John Potter
Quinn Emanuel Urquhart & Sullivan LLP
50 California St., 22nd Floor
San Francisco, California 94111
johnpotter@quinnemanuel.com

Re:   Investigation of U.S. News & World Report Hospital Ranking Advertising Representations and Hospital Payments

Dear Mr. Potter:

I write in response to your July 14, 2023 letter sent on behalf of U.S. News & World Report ("USNWR"). We are disappointed that USNWR has failed to meaningfully address the San Francisco City Attorney's Office's reasonable concerns about its hospital rankings and has refused to commit to providing transparency regarding its financial relationships with ranked hospitals.

Rather than engage with our Office, USNWR fails to provide *any* information responsive to the reasonable concerns raised in the City Attorney's letter. Similarly, USNWR has failed to provide any of the requested information about the hospitals that have paid USNWR, and appears unwilling to disclose information about these payments as required by the Federal Trade Commission Act as interpreted by the Federal Trade Commission's regulations.

Instead, USNWR points to third party sources in an attempt to show that its advertising practices are lawful. Yet, the few articles referenced in your letter do not support USNWR's advertising claims about the reliability of its hospital rankings products, but rather underscore the City Attorney's initial questions. For example, you cite a two-page article from the Journal of General Internal Medicine that, far from substantiating USNWR's statements, raises significant concerns about USNWR's hospital rankings.[1] The article notes that the mortality data used by USNWR "have been shown to be lacking in predicting the quality of care" and that "at one large hospital, for deaths included in the 2019 USNWR rankings attributed to nephrology, nephrology was involved in the care of only 40% of cases (based on internal institution data)."[2] The article also emphasizes the need for adequate risk adjustments, because "[i]nstitutions with a high percentage of inpatients with end-stage diseases may have lower specialty rankings. As a result,

---

[1] Mendu, M., Kechalia, A., and Eappen, S., *Revisiting US News & World Report's Hospital Rankings—Moving Beyond Mortality to Metrics that Improve Care*, J. Gen. Intern. Med. 36(1):209-10, DOI: 10.1007/s11606-020-06002-x.
[2] *Id.* at p. 209.

CITY AND COUNTY OF SAN FRANCISCO  OFFICE OF THE CITY ATTORNEY

Letter to John Potter
Page 2
January 9, 2024

patients may be incorrectly discouraged by the lower ranking of a specialty group that takes care of a significant number of end-stage disease patients."[3]

A second article, from the New England Journal of Medicine, criticizes the use of Medicare fee-for-service data that "often lack adequate granularity to produce valid risk adjustment" and the lack of transparency and perverse incentives created by hospital rankings systems receiving payments from ranked hospitals.[4]

Finally, you cite an article in USA Today crediting USNWR's development of a health equity analysis.  But, as the article points out, health equity does not factor into USNWR's rankings, and "the representation of nonwhite patients" at the top three ranked hospitals "were all 'lower than the community.'"[5]

The concerns highlighted in the above articles, as well as other questions grounded in the medical literature, were raised in the City Attorney's request for information about USNWR's methodology and payments received from hospitals.  You contend that these requests were improper because USNWR's characterization of its rankings products is noncommercial speech or nonactionable opinion, and that our Office is engaged in viewpoint discrimination.  But USNWR's statements about the authoritativeness and reliability of its rankings affect sales of USNWR's products and induce hospitals to pay USNWR to license Best Hospitals badges, advertise, and subscribe to granular data.  These statements constitute actionable commercial speech, and our Office is authorized to inquire into USNWR's support for these claims.

In a further effort to obtain the necessary information to determine the scope of USNWR's violations of federal and California consumer protection laws, please find attached two subpoenas issued pursuant to the Office's authority under California Business & Professions Code section 16759(b).  Please provide the responsive documents and information within 15 calendar days of service of these subpoenas to Deputy City Attorney Karun Tilak and me at Office of the City Attorney, 1390 Market Street, 7th Floor, San Francisco, CA 94102 (alexander.holtzman@sfcityatty.org; karun.tilak@sfcityatty.org).  Should you have any questions, please contact Mr. Tilak and me by email or at 415-554-3800.

---

[3] *Ibid.*
[4] Bilimoria, K. et al., *Rating the Raters: An Evaluation of Publicly Reported Hospital Quality Rating Systems*, NEJM Catalyst at pp. 9, 11 (Aug. 14, 2019), https://catalyst.nejm.org/evaluation-hospital-quality-rating-systems
[5] Adrianna Rodriguez, *US hospitals struggle to reduce health disparities; Minority patients underrepresented in 4 of 5 hospitals*, USA Today (Jul. 27, 2021), https://www.usatoday.com/story/news/health/2021/07/27/us-news-best-hospital-ranking-includes-first-health-equity-analysis/8090005002/.

CITY AND COUNTY OF SAN FRANCISCO                               OFFICE OF THE CITY ATTORNEY

Letter to John Potter
Page 3
January 9, 2024

                    Very truly yours,

                    DAVID CHIU
                    City Attorney

                    *[signature]*

                    ALEXANDER J. HOLTZMAN
                    Deputy City Attorney

Enclosures (2)