Mara W. Elliott, City Attorney
Mark Ankcorn, Chief Deputy City Attorney (SBN 166871)
OFFICE OF THE CITY ATTORNEY
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
mankcorn@sandiego.gov
Tel.: (619) 533-5800
Fax: (619) 236-7215

*Attorneys for Amicus Curiae*
*City Attorney of San Diego, California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. NEWS & WORLD REPORT, L.P.,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID CHIU, in his Official Capacity as City Attorney of the City and County of San Francisco,<br><br>    Defendant. | Case No. 3:24-cv-00395-WHO<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE 18 LOCAL GOVERNMENTS, LOCAL GOVERNMENT OFFICIALS, AND LOCAL GOVERNMENT ORGANIZATIONS IN SUPPORT OF DEFENDANT**<br><br>Judge:         Hon. William H. Orrick III<br>Place:         Courtroom 2, 17th Floor<br><br>Trial Date:   Not Set |

Pursuant to Local Civil Rule 7-11, the City Attorney for the City of San Diego, California, together with 17 local governments, local government officials, and local government organizations ("Amici"), hereby request leave to file the Brief of Amici Curiae 18 Local Governments, Local Government Officials, and Advocacy Organizations in Support of Defendant. The proposed brief accompanies this motion. Amici are listed on the signature pages of the proposed brief.

All parties consent to the filing of this amicus brief.

**INTEREST AND IDENTITY OF AMICI CURIAE**

Amici Curiae are local jurisdictions and officials from around the country, and local government organizations, that collectively represent and serve millions of residents. They have a compelling interest in the subject of this litigation, specifically in ensuring that targets of local and state administrative subpoenas use the procedures prescribed by law to raise objections to those subpoenas. These procedures, and the well-established law applicable to them, balance government's and the public's interest in efficient and effective fact-gathering with the due process and other constitutional rights of entities to whom administrative subpoenas have been issued. Like the City Attorney for the City and County of San Francisco, Amici are responsible for protecting the health and welfare of the residents they serve. To fulfill this responsibility effectively, Amici—and all governments—must obtain relevant information so that they can make informed decisions about legislation, civil enforcement actions, and other matters.

This litigation entirely circumvents that established law and instead seeks a premature, advisory ruling from a federal court on the merits of a potential, hypothetical future state-law civil enforcement action before San Francisco has even taken many steps to conduct an investigation, let alone reach any decisions about whether and on what grounds to bring a civil enforcement action. In addition to the judicial resources it wastes, this litigation functions to increase the costs—in time, money, attention, and human capital—that local and state agencies must incur before they can even ask questions about matters within their subject matter jurisdiction and of interest or importance to the public health and welfare. These costs are precisely what the U.S. Supreme Court has said the applicable is designed to avoid.

Amici's proposed brief offers valuable perspective on the nature of the harm that premature litigation like the instant action can impose on local governments. It also underscores the reality that when premature litigation increases costs, it can dissuade government from undertaking investigations in the first place, thus diminishing government's ability to enforce existing laws that protect residents from unlawful and injurious conduct.

For the foregoing reasons, Amici respectfully request the Court's permission to file the brief accompanying this motion. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) ("The district

court has broad discretion to appoint amici curiae."), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995); *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982) ("[T]he classic role of amicus curiae . . . [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration."); *see also California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1163-64 (N.D. Cal. 2019) (noting "liberality" with which district courts in this district permit amicus briefs).

Dated:  February 28, 2024

Respectfully submitted,

MARA W. ELLIOTT
City Attorney

By:  /s/ Mark Ankcorn
     MARK ANKCORN
     Chief Deputy City Attorney

*Attorneys for Amicus Curiae*
*City Attorney of San Diego, California*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion and the attached brief will be delivered electronically on February 28, 2024 to counsel for parties through the District Court's Electronic Case Filing system.

*/s/ Mark Ankcorn*