QUINN EMANUEL URQUHART & SULLIVAN LLP
John Potter (CA Bar No. 165843)
 johnpotter@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA  94111
(415) 875-6600

QUINN EMANUEL URQUHART & SULLIVAN LLP
Michael E. Williams (CA Bar No. 181299)
 michaelwilliams@quinnemanuel.com
Sage R. Vanden Heuvel (CA Bar No. 294868)
 sagevandenheuvel@quinnemanuel.com
865 S Figueroa St, 10th Floor
Los Angeles, CA  90017
(213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN LLP
Derek L. Shaffer (CA Bar No. 212746)
 derekshaffer@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C.  20005
(202) 538-8000

*Attorneys for Plaintiff U.S. News & World Report, L.P.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **U.S. NEWS & WORLD REPORT, L.P.**<br><br>Plaintiff,<br><br>vs.<br><br>**DAVID CHIU**, in his Official Capacity as City Attorney of the City and County of San Francisco,<br><br>Defendant. | Case No. 3:24-cv-00395-WHO<br><br>**MOTION FOR LEAVE TO REQUEST JUDICIAL NOTICE** |

In advance of the upcoming April 10 hearing on U.S. News' motion for preliminary injunction and on the San Francisco City Attorney's motion to dismiss and to strike under the anti-SLAPP statute, U.S. News hereby respectfully seeks leave under Federal Rule of Evidence 201 to request judicial notice of a recent article published in Law360 bearing on the Court's consideration of the motions. A true and correct copy of the article is attached for the Court's review as Exhibit 1.

Contrary to his submissions to this Court, the City Attorney has admitted to the media—most recently in a published interview with Law360 specifically about this case—that his Subpoenas are in fact driven by viewpoint discrimination. As he told Law360, the City Attorney is pursuing the Subpoenas based on his view that US News' substantive rankings are "warping" public perception relative to what the City Attorney maintains are preferable methodologies and data by which hospitals supposedly should be ranked.

Under Rule 201(d), a "court may take judicial notice at any stage of the proceeding." The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time….'") (citation omitted); *Ritter v. Hughes Aircraft Co*., 58 F.3d 454, 458 (9th Cir. 1995) (district court was entitled to take judicial notice of facts within newspaper article). Unless the City Attorney contends that Law360 has fabricated his interview, judicial notice of his own account should be straightforward.

1  Dated: April 4, 2024                    Respectfully submitted,

2                                          QUINN EMANUEL URQUHART &
3                                          SULLIVAN LLP

4

5                                          By */s/ John Potter*
                                              John Potter
6                                             *Attorneys for Plaintiff*
7                                             *U.S. News & World Report, L.P.*

## DECLARATION

Attached to this filing as Exhibit 1 is a true and correct copy of the article entitled "SF City Atty Says Gov't Has Duty To Probe Hospital Rankings," published on April 2, 2024 on Law360. *See* https://www.law360.com/healthcare-authority/articles/1816421 (last accessed February 4, 2024).

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on Thursday, April 4, 2024, in San Francisco, California.

By */s/ John Potter*
John Potter