DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
SARA J. EISENBERG, SBN 148137
Chief of Complex & Affirmative Litigation
ALEXANDER J. HOLTZMAN, SBN 311813
KARUN A. TILAK, SBN 323939
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Fl.
San Francisco, California 94102-5408
Telephone:   (415) 554-3999
             (415) 355-3308
Facsimile:   (415) 437-4644
E-Mail:      Alexander.Holtzman@sfcityatty.org
             Karun.Tilak@sfcityatty.org

*Attorneys for Defendant*
San Francisco City Attorney David Chiu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| U.S. NEWS & WORLD REPORT, L.P., | Case No. 3:24-cv-00395-WHO |
|---|---|
| Plaintiff, | **OPPOSITION TO PLAINTIFF'S MOTION AND AMENDED MOTION FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| DAVID CHIU, in his Official Capacity as City Attorney of the City and County of San Francisco, | Judge:          Hon. William H. Orrick III<br>Place:          Courtroom 2, 17th Floor<br>Hearing Date:   April 10, 2024<br>Time:           2:00 p.m. |
| Defendant. | Trial Date:    Not Set |

Defendant City Attorney David Chiu ("City Attorney") opposes Plaintiff U.S. News & World Report L.P.'s ("USNWR") April 4, 2024 Motion for Leave to Request Judicial Notice and Amended Motion for Leave to Request Judicial Notice ("RJN Mot."). ECF Nos. 34, 35.[1] USNWR styles the RJN Motion as a request for leave to file but does not attach a proposed request and incorporates in the motion substantive argument in favor of judicial notice. USNWR seeks judicial notice of a Law360 article about an April 2, 2024 interview between the City Attorney and Law360. RJN Mot. Ex. 1. Judicial notice of the article is inappropriate on at least two grounds:

*First*, judicial notice of the article is irrelevant to adjudication of the claims before the Court. *See Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying request for judicial notice because materials were not relevant to disposition of issues presented). USNWR appears to seek judicial notice of the article as evidence that the City Attorney's motive for issuing the subpoenas is to discriminate against its viewpoint. But as argued in the City Attorney's motion to dismiss and reply briefs, ECF Nos. 25, 30, the subpoenas at issue here do not regulate or restrict speech. USNWR's viewpoint discrimination claim fails on that basis alone, before even considering the City Attorney's motive for the investigation. Thus, even if the article were competent evidence probative of the City Attorney's intent, it would be irrelevant to resolving USNWR's viewpoint discrimination claim.[2] In any event, the single statement USNWR identifies in the article does not plausibly demonstrate that the subpoenas are "based on [the City Attorney's] view that US News' substantive rankings are 'warping' public perception relative to what the City Attorney maintains are preferable methodologies and data by which hospitals supposedly should be ranked." RJN Mot. at 1. In fact, the article describes the City Attorney as explaining that USNWR may "warp" the healthcare system by potentially misleading the public and creating perverse incentives for hospitals, and that the "focus [of

---

[1] Plaintiff's amended motion for leave to request judicial notice is identical to its original motion except that it notes that the City Attorney opposes the motion.

[2] In addition, for the reasons discussed in the City Attorney's motion to dismiss and reply briefs, USNWR's claims must be dismissed for lack of standing and ripeness. Thus, the article is doubly irrelevant because the Court lacks jurisdiction to consider USNWR's viewpoint discrimination claim.

the investigation] has been on the real harm to consumers in California and beyond who have been relying on questionable rankings." RJN Mot. Ex. 1 at p.2. [3]

*Second*, USNWR appears improperly to seek judicial notice to establish the truth of matters inferred from the article. Specifically, USNWR asks the Court to take judicial notice of the article specifically to support the truth of the assertion that the "Subpoenas are in fact driven by viewpoint discrimination," RJN Mot. at 1—which USNWR infers from a cherry-picked quote from of the article. *See, e.g.*, *Gerritsen v. Warner Bros. Ent'mt Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) ("The truth of the content, and the inferences properly drawn from them, however, is not subject of judicial notice under Rule 201"); *see also MouseBelt Labs Pte. Ltd. v. Armstrong*, 674 F. Supp. 3d 728, 735 n.2 (N.D. Cal. 2023) (declining to take judicial notice of inference from publicly available materials); *Barnett v. Kapla*, No. 20-cv-03748-JCS, 2020 WL 7428321, * 7 n.11 (N.D. Cal. Dec. 18, 2020) (same).

For the foregoing reasons, the City Attorney respectfully requests that the Court deny USNWR's request for judicial notice of Exhibit 1.

Dated: April 8, 2024

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
SARA J. EISENBERG
Chief of Complex & Affirmative Litigation
ALEXANDER J. HOLTZMAN
KARUN A. TILAK
Deputy City Attorneys

By: */s/ Karun A. Tilak*
KARUN A. TILAK

*Attorneys for Defendant*
SAN FRANCISCO CITY ATTORNEY DAVID CHIU

---

[3] *See also* RJN Mot. Ex. 1 at p.1 (stating that the investigation "exercises a long-standing duty of his office: protecting consumers"); *id.* at p.2 ("[T]his is a consumer protection matter . . . ."); *id.* at 3 ("[W]e are in no way dictating what U.S. News publishes or the endorsement it makes. You can see from the letters and the subpoenas that we're simply seeking information.").